**Lyndon H. LaROUCHE; LaRouche Democratic Campaign '88, Petitioners,**

v.

**FEDERAL ELECTION COMMISSION, Respondent.**

**No. 92–1555.**

United States Court of Appeals, District of Columbia Circuit.

April 20, 1993.

**642**

Harold Richard Mayberry, Jr. was on the motion to dismiss, for petitioners.

Richard B. Bader and Lawrence P. Noble were on the motion to dismiss, for respondent.

Before: WALD, RUTH BADER GINSBURG, and SENTELLE, Circuit Judges.

Opinion for the Court filed PER CURIAM.

## ON MOTION TO DISMISS

PER CURIAM:

By letter dated September 22, 1992 the Federal Election Commission ("Commission" or "FEC") notified former presidential candidate Lyndon H. LaRouche and the LaRouche Democratic Campaign '88 ("petitioners") of the Commission's "final determination" that petitioners must repay $151,259 obtained pursuant to the Presidential Primary Matching Payment Account Act, 26 U.S.C. §§ 9031 *et seq.* ("the Act"). The FEC's letter stated that the final determination had been made five days earlier, on September 17, 1992, and noted that "judicial review of the Commission's determination is available pursuant to 26 U.S.C. § 9041."

On October 22, 1992, petitioners filed a review petition. The Commission moves to dismiss the petition as untimely because it was filed 35 days after the FEC's September 17, 1992 determination. *See* 26 U.S.C. § 9041(a) ("Any agency action ... shall be subject to review ... within 30 days after

the agency action by the Commission for which review is sought."). We conclude that the petition for review is timely because it was filed within 30 days of the FEC's September 22, 1992 letter notifying petitioners of the Commission's September 17, 1992 determination. We therefore deny the FEC's motion.

We have characterized statutes that fix the time for seeking judicial review as "jurisdictional and unalterable." *See AFL–CIO v. OSHA,* 905 F.2d 1568, 1570 (D.C.Cir.1990); *Kessenich v. CFTC,* 684 F.2d 88, 91 (D.C.Cir.1982). With the inflexibility of such time lines in mind, this court has encouraged administrative agencies, whenever possible, to specify in their notices to persons subject to "agency action" the beginning of the relevant judicial review period. *See, e.g., Carter/Mondale Presidential Committee, Inc. v. Federal Election Commission,* 711 F.2d 279, 280 (D.C.Cir.1983) ("[C]onsiderable confusion could be avoided in the future if the FEC would follow common agency practice and inform affected parties—by regulation or in the letter communicating its final determination—when the 30–day period for a petition for review begins to run.").

The Commission contends that its September 22, 1992 letter to petitioners reasonably specified September 17 as the date of "final agency action." *See* 26 U.S.C. § 9041(a). We find the letter less than lucid in this regard. The letter does point the reader to the correct statute, but that statute, itself, speaks only of "agency action"; the text does not specify whether the critical date of "action" is the date on the Commission's "final determination," or the later date on the FEC's notice of that determination.* Moreover, the portion of the letter warning that repayment is due "within 30 days from the date of service of this notice" might be understood to indicate that the period for seeking judicial review is similarly keyed to the notice date.

---

* In contrast, 2 U.S.C. § 437g(a)(8)(B), which figures in the decision we issue today in *Spannaus v. Federal Election Commission,* 990 F.2d 643 (D.C.Cir.1993), is unambiguous; it provides that

any petition for review must be filed in district court "within 60 days after the date *of the dismissal."*

If the FEC's letter notification was indeed meant to convey that the review petition clock ran from September 17, 1992 rather than September 22, we think that the message was incorrect. Both the Act and the Commission's regulations lead us to conclude that the 30–day review period under 26 U.S.C. § 9041(a) runs from the notice date, not the date of the FEC's repayment determination. The Act provides that a candidate's repayment obligation matures only upon notice from the Commission. 26 U.S.C. § 9038(b)(1) ("If the Commission determines [that repayment is required], it shall notify the candidate, and the candidate shall pay...."). Harmoniously, the Commission's regulations repeatedly provide that a limitation period begins after the FEC gives notice of its decision. *See* 11 C.F.R. § 9038.5(c)(1) (candidate may move to stay repayment determination pending judicial review "within 30 calendar days after service of the Commission's final repayment determination"); 11 C.F.R. § 9038.2(c)(1) (candidate may contest initial repayment determination "within 30 calendar days after service of the notice" thereof); 11 C.F.R. § 9038.2(d)(1) (candidate shall repay "within 90 calendar days after service of the notice" of initial repayment determination); 11 C.F.R. § 9038.5(a)(1) (petition for rehearing of final determination must be filed "within 20 calendar days after service").

In sum, we hold that the 30–day period for filing a petition for review commenced on September 22, 1992, the date on which the Commission acted to notify the petitioners of its decision. The petition for review in this case was therefore timely, and the motion to dismiss is

*Denied.*