Edward W. **SPANNAUS**, Treasurer
of the LaRouche Democratic
Campaign, Appellant,

v.

**FEDERAL ELECTION COMMISSION.**

No. 92–5191.

United States Court of Appeals,
District of Columbia Circuit.

April 20, 1993.

Robert L. Rossi, Boston, MA, was on the brief, for appellant.

Lawrence M. Noble, Richard B. Bader, and Marcus C. Migliore were on the brief, for appellee.

Before: WALD, RUTH BADER GINSBURG, and SENTELLE, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

Edward Spannaus appeals the district court's dismissal of his petition for review as untimely. Spannaus sought review in district court of the Federal Election Commission's decision to dismiss an administrative complaint he filed pursuant to the Federal Election Campaign Act, 2 U.S.C. §§ 431 *et seq.* ("the Act"). Under the Act, a petition for review must be filed "within 60 days after the date of the dismissal." 2 U.S.C. § 437g(a)(8)(B).

Spannaus contends that his petition for review was timely because it was filed within 60 days of the date he received the Commission's letter notifying him that his complaint had been dismissed. The district court rejected Spannaus' contention, finding it inconsistent with the plain meaning of the governing judicial review statute. We agree.

The Supreme Court has cautioned that, where filing deadlines are concerned, "a literal reading of Congress' words is generally the only proper reading of those words." *United States v. Locke,* 471 U.S. 84, 93, 105 S.Ct. 1785, 1792, 85 L.Ed.2d 64 (1985). Consistently, this court has declared mandatory, i.e., "jurisdictional and unalterable," statutes that fix the time for seeking judicial review. *See, e.g., AFL–CIO v. OSHA,* 905 F.2d 1568, 1570 (D.C.Cir.1990); *Kessenich v. CFTC,* 684 F.2d 88, 91 (D.C.Cir.1982).

The judicial review prescription in this case is precise: the 60–day review period runs from the "date of dismissal." 2 U.S.C. § 437g(a)(8)(B). It is undisputed that the date of dismissal was January 9, 1991. Measured from that date, Spannaus' April 2, 1991 petition for review was untimely.[*]

In reaching this decision, we reject the holding in *Common Cause v. Federal Election Commission,* 630 F.Supp. 508, 512 (D.D.C.1985), which Spannaus contends should control this case. The district court

---

[*] This result contrasts with the one we reached in *LaRouche v. Federal Election Commission,* 990 F.2d 641 (D.C.Cir.1993), also issued today. There, the governing judicial review statute provided for review "within 30 days after the agency action," 26 U.S.C. § 9041(a), without specifying whether the critical date of that "action" was the date on the agency's decision or the later date on the notice thereof. We held that the notice date was the critical one, and relied on the FEC's own regulations in support of that conclusion. Here, however, the statute, 2 U.S.C. § 437g(a)(8)(B), permits no such reading; it specifies, unambiguously, "the date of the dismissal."

in *Common Cause* held that "the sixty-day review period begins when the complainant actually receives notice of the dismissal." Although there was no appellate decision on this issue until now, this court cannot extend the filing deadline for Spannaus simply because he relied on an unreviewed and, we now hold, incorrect district court decision. *See Ayuda, Inc. v. Thornburgh,* 948 F.2d 742, 756 (D.C.Cir.1991) ("Everyone in our society bears the risk of getting bad legal advice. And we all also bear the risk of relying on an incorrect district court judgment.").

 Spannaus alternately asserts that, in light of his *pro se* status and his reliance on *Common Cause,* the district court violated his due process rights by dismissing his petition. While *pro se* litigants are "held to less stringent standards" than counseled litigants, *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972), that is not a pertinent factor here, for the district court decision we now review simply respects the statutorily-fixed deadline; in thus following the legislature's direction, the district court contravened no due process right to fundamentally fair procedures.

Finally, Spannaus urges equitable tolling of the 60-day review period "in light of the late receipt of notice and reliance on the *Common Cause* case." As the Supreme Court recently observed, courts have accorded such relief "sparingly," and have been "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin v. Veterans Administration,* 498 U.S. 89, 96, 111 S.Ct. 453, 457-58, 112 L.Ed.2d 435 (1990). Notwithstanding his reliance on *Common Cause,* it appears that, in filing late, Spannaus was less than fully diligent. The Commission's notification letter, which Spannaus admits he received approximately one month before the end of the 60-day review period, conspicuously stated the dismissal date and referred Spannaus to the appropriate judicial review provision. Under these circumstances, we cannot say that Spannaus qualifies for the dispensation afforded by the doctrine of equitable tolling. *See Irwin,* 498 U.S. at 96, 111 S.Ct. at 458 ("The principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect.").

For the reasons stated, the decision of the district court dismissing the petition for review as untimely is

*Affirmed.*