**Absalom F. JORDAN, Jr., Appellant,**

v.

**FEDERAL ELECTION COMMISSION, Appellee.**

No. 94–5216.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 20, 1995.

Decided Nov. 3, 1995.

Stephen P. Halbrook, Fairfax, VA, argued the cause, and filed the briefs, for appellant.

David B. Kolker, Attorney, Federal Election Commission, argued the cause, for appellee. With him on the brief, were Lawrence M. Noble, General Counsel, and Richard B. Bader, Associate General Counsel. Vivien Clair, Attorney, Washington, DC, entered an appearance.

Before: BUCKLEY, SENTELLE, and RANDOLPH, Circuit Judges.

RANDOLPH, Circuit Judge:

Jordan petitioned for review of a Federal Election Commission decision dismissing his administrative complaint. The district court, reaching the merits, granted summary judgment for the Commission. We hold that Jordan's failure to meet the 60–day statutory deadline for filing his petition in the district court deprived that court of jurisdiction.

A "party aggrieved by an order of the Commission dismissing a complaint filed by such party ... may file a petition with the United States District Court for the District of Columbia." 2 U.S.C. § 437g(a)(8)(A). Such a petition "shall be filed, in the case of a dismissal of a complaint by the Commission, within 60 days after the date of the dismissal." 2 U.S.C. § 437g(a)(8)(B).

Statutory time limits on judicial review are traditionally considered jurisdictional. *See, e.g., JEM Broadcasting Co. v. FCC,* 22 F.3d 320, 325 (D.C.Cir.1994); *cf. Schacht v. United States,* 398 U.S. 58, 90 S.Ct. 1555, 26 L.Ed.2d 44 (1970). We have therefore held that a petitioner's failure to comply with the 60–day

limit in § 437g(a)(8)(B) divests the district court of jurisdiction. *National Rifle Ass'n of America v. FEC,* 854 F.2d 1330, 1334 (D.C.Cir.1988).

The Commission voted to dismiss Jordan's complaint on July 24, 1991. Jordan filed his petition in the district court on September 25, 1991—63 days later. It follows that Jordan's petition must be dismissed for lack of jurisdiction. *See Carter/Mondale Presidential Comm. v. FEC,* 711 F.2d 279, 291 (D.C.Cir.1983).

Jordan cannot save his case on the ground that the "date of dismissal" in § 437g(a)(8)(B) is the date of a letter from the Commission's general counsel informing him of the Commission's vote, rather than the date of the vote. Our decision in *Spannaus v. Federal Election Commission,* 990 F.2d 643 (D.C.Cir.1993), is to the contrary. True, *Spannaus* focused on a different issue: whether the 60–day limit in § 437g(a)(8)(B) begins on the date the party *receives* the general counsel's letter. 990 F.2d at 644. But in rejecting that argument, *Spannaus* also implicitly rejected the one Jordan makes here. While the general counsel's letter in *Spannaus* was dated January 18, 1991, *see Spannaus v. FEC,* No. 91–0681, 1992 WL 71402, at *1 (D.D.C. Mar. 25, 1992), this court indicated that the 60–day clock began ticking eight days earlier—on the date of the Commission's vote. 990 F.2d at 644.

The statute will support no other result. Some litigation time limits begin to run when a party receives, or should have received, notice. A complaint must be answered within 20 days after service of the summons and complaint (FED.R.CIV.P. 12(a)(1)(A)); objections to interrogatories must be served within 30 days after service of the interrogatories (FED.R.CIV.P. 33(b)(3)); an appellee must file its brief within 30 days after service of the appellant's brief (FED.R.APP.P. 31(a)). Other time limits, set by rule or statute, run from the date of the court's or the agency's action. The ten-day period for serving a motion to alter or amend a judgment under FED. R.CIV.P. 59(e) is measured from the date of "entry of judgment." *Derrington–Bey v.*

*District of Columbia Dep't of Corrections,* 39 F.3d 1224, 1225 (D.C.Cir.1994). A notice of appeal in a civil case must be filed within 30 days (or 60 days if there is a federal party) after the entry of the judgment, order or decree. 28 U.S.C. § 2107. Section 437g(a)(8)(B) falls into the latter category. It speaks of "dismissal of a complaint by the Commission." The general counsel is not "the Commission"; the only action "by the Commission" here was the vote to dismiss. Hence, the "date of dismissal" is the date of the Commission's vote.

Jordan's last point is that starting the clock on the date of dismissal might allow the Commission to avoid review by withholding notice of its decision until the 60–day period expired. We will face that hypothetical case if and when it arises. For now it is enough to point out that the general counsel's letter to Jordan's attorney was dated July 29, 1991, mailed July 31, 1991, and apparently received on August 1, 1991. That left Jordan 53 days in which to file his petition. *See Spannaus,* 990 F.2d at 644. Because he nonetheless missed the deadline Congress set, the judgment of the district court is vacated and the case is remanded with directions to dismiss for lack of jurisdiction.

*So ordered.*