[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15438
Non-Argument Calendar
_____

Agency No. FAA


ERIC NORBER,

Petitioner,

versus

FEDERAL AVIATION ADMINISTRATION,

Respondent.

_____

Petition for Review of a Decision of the
Federal Aviation Administration
_____

(December 15, 2016)

Before HULL, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

Eric Norber seeks review of the Federal Aviation Administration's ("FAA")

decision to terminate his appointment as a Designated Pilot Examiner.  Because

Norber filed his petition after the 60-day statutory deadline passed and has failed to

demonstrate "reasonable grounds" for missing that time limit, we deny his petition

as untimely.

I.

The FAA Administrator issues "airman certificates" to qualified individuals,

which are akin to driver's licenses for pilots.  49 U.S.C. § 44703(a).  The

Administrator "may delegate to a qualified private person" the authority to perform

"the examination, testing, and inspection necessary to issue a certificate," as well

as the authority to "issu[e] the certificate" itself.  Id. § 44702(d)(1).  The people to

whom the Administrator delegates these certification duties are known as

"designees."  FAA Order 8000.95 CHG 1, Vol. 1, at 3 (June 17, 2015).

Designated Pilot Examiner ("DPE") is one type of designee.  Id. Vol. 1, at 5.  A

DPE can conduct "flight tests necessary for issuing pilot certificates and ratings"

and can "issue temporary pilot certificates and ratings."  14 C.F.R. § 183.23; see

also FAA Order 8000.95 CHG 1, Vol. 3, at 1.  The FAA Administrator "may

rescind a delegation . . . at any time for any reason the Administrator considers

appropriate."  49 U.S.C. § 44702(d)(2); see also 14 C.F.R. § 183.15(b)(6).

2

Eric Norber had a DPE designation. On a letter dated July 16, 2015, the FAA notified him that his designation was being terminated for cause based on "an arrest and subsequent conviction for illegal activity," as well as a failure to attend annual mandatory Flight Standards District Office meetings. The letter told Norber he could appeal the termination within 14 days of receipt of the letter, and that he would be notified of the appeal's outcome within 60 days of the FAA's receipt of that request.

Norber requested an appeal by a letter dated July 25, 2015. In a return letter dated October 2, 2015, the FAA informed Norber that a regional appeal panel reviewed the termination decision as well as the information Norber had provided. The letter said the termination was upheld and that the appeal panel's decision was final. It was sent to Norber by certified mail on October 2, 2015.

However, Norber's address was out of date. Norber emailed the FAA on October 29, 2015 inquiring about the appeal panel's decision. It was only then he informed the FAA that his mailing address had changed. The FAA promptly replied to him that day with an electronic copy of his appeal decision letter. The October 2, 2015 letter was returned to the FAA undelivered on November 17, 2015. On December 7, 2015, Norber petitioned this Court to review the FAA's decision.

II.

3

This Court has exclusive jurisdiction over petitions applying for review of FAA orders. Corbett v. TSA, 767 F.3d 1171, 1176 (11th Cir. 2014); 49 U.S.C. § 46110(c). The FAA order terminating Norber's DPE designation is a reviewable final order. Green v. Brantley, 981 F.2d 514, 519 (11th Cir. 1993). Under § 46110, a petition for review "must be filed not later than 60 days after the order is issued." 49 U.S.C. § 46110(a). If filed after 60 days, § 46110 says "[t]he court may allow the petition to be filed . . . only if there are reasonable grounds for not filing by the 60th day." Id. In Corbett, this Court held that "the 60-day deadline is not jurisdictional, but is instead a claim-processing rule." 767 F.3d at 1174 (quotation omitted).

Norber filed his petition with this Court on December 7, 2015—six days after the 60-day deadline had passed. In his petition, he asserts that because he did not receive the FAA's letter until October 29, 2015, his petition is timely. In the alternative, if this Court finds his petition untimely, Norber asks us to find he had "reasonable grounds" for filing late and grant a nunc pro tunc order for an extension of time.

A.

Norber argues that his petition is timely because the 60-day deadline starts from when the letter was actually delivered, not sent.[1]  Section 46110's 60-day deadline starts from when the order is "issued."  49 U.S.C. § 46110(a).  Exactly when that date of issue occurs has not been squarely decided by this circuit.  We hold that it is when the order is sent.

This holding is in keeping with the circuit's earlier decisions as well as those of our sister circuits.  In Greater Orlando Aviation Auth. v. FAA, 939 F.2d 954 (11th Cir. 1991), we viewed an FAA order as being "entered" on the day it was mailed in the predecessor statute to § 46110.  See id. at 957–59 & n.15.  When faced with a similar issue, the First Circuit held that "issued" meant "sent" in the context of § 46110.  See Ruskai v. Pistole, 775 F.3d 61, 65 (1st Cir. 2014).  The D.C. Circuit also determined that "issued" in § 46110 means "officially made public."  See Avia Dynamics, Inc. v. FAA, 641 F.3d 515, 519 (D.C. Cir. 2011).

We hold that "issued" means "sent," not "actually received," for the purposes of this statute.  "[W]ith respect to filing deadlines a literal reading of Congress' words is generally the only proper reading of those words."  United States v. Locke, 471 U.S. 84, 93, 105 S. Ct. 1785, 1792 (1985).  Although Norber argues we should interpret "issue" to mean "deliver," even the dictionary he cites

---

[1] Norber also initially argued that although the letter had the date October 2, 2015 stamped on it, there was no support in the record for the FAA's claim that it was actually mailed on that date.  In response, the FAA provided copies of a certified mail receipt and date-stamped envelope showing the letter was mailed to Norber on October 2, 2015.  As a result, we do not address this argument.

5

to define "issue" lists "[t]o send out, to send officially" before "deliver." Black's Law Dictionary 964 (revised 4th ed. 1968). Based on our precedent, the persuasive authority of our sister circuits, and the dictionary definition, "sent" is the most appropriate interpretation.

The FAA's order was sent on October 2, 2015, so that is the date we use to compute the 60-day deadline. The letter was sent to the address that Norber had on file, and he did not update that mailing address until October 29, 2015. If the FAA had mailed the letter to the wrong address, we would not consider it "sent." However, it was Norber who failed to properly update his mailing address, not the FAA. Norber's petition is thus untimely because he did not file it until 66 days after the FAA's letter was sent.

### B.

Because we hold that Norber filed his petition after the 60-day deadline, we must turn to Norber's request for us to grant a nunc pro tunc order for an extension of time. We may allow petitioners to file late when there are reasonable grounds for doing so. 49 U.S.C. § 46110(a). Norber argues that reasonable grounds exist here because he did not actually receive the FAA's order until October 29, 2015.

Norber has not shown that reasonable grounds existed to justify his late filing. Norber is responsible for not updating his address. And in any event, Norber received a copy of the FAA's order on October 29, 2015. He then had 33

days—over a month—to file a petition with this Court.  As Norber's petition shows, this is not a Herculean task.  Instead, a one-page petition like the one he filed will suffice.  Norber would then have had additional time to prepare the necessary briefing for this Court.  If Norber had only had a few days to file, this would be a different case.  If the FAA had delayed in sending him the electronic copy of his order instead of sending it the day Norber emailed the agency, this would be a different case.  And if the FAA had mailed the order to the wrong address instead of an outdated address, this would be a different case.  But on the case before us, Norber has failed to provide reasonable grounds to justify his late filing.

As a result, Norber's petition is **DENIED**.