**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2337**

SKYDIVE MYRTLE BEACH INC.,

Petitioner,

v.

HORRY COUNTY DEPARTMENT OF AIRPORTS; FEDERAL AVIATION
ADMINISTRATION,

Respondents.

On Petition for Review of an Order of the Federal Aviation Administration. (FAA-1:16-
14-05)

Submitted: April 10, 2018                                   Decided: June 5, 2018

Before WILKINSON, TRAXLER, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Robert B. Varnado, BROWN & VARNADO, LLC, Mt. Pleasant, South Carolina, for
Petitioner. Jeffrey R. Blease, Jaclyn V. Piltch, Boston, Massachusetts; David T. Ralston,
Jr., FOLEY & LARDNER LLP, Washington, D.C., for Respondent Horry County
Department of Airports. Chad A. Readler, Acting Assistant Attorney General, Michael S.
Raab, William E. Havemann, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C.; James A. Lofton, Assistant Chief Counsel, Scott E. Mitchell, Manager,

Airports Law Branch, Lindsay B. Powell, FEDERAL AVIATION ADMINISTRATION, Washington, D.C., for Respondent Federal Aviation Administration.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Skydive Myrtle Beach, Inc. ("Petitioner") seeks review of the Federal Aviation Administration's ("FAA") final decision affirming the dismissal of Petitioner's claims of economic discrimination. The FAA and the Horry County Department of Airports (collectively, "Respondents") moved to dismiss the petition as untimely. For the reasons discussed below, we grant the motion and dismiss the petition.

I.

The Grand Strand Airport, which is owned and operated by the Horry County Department of Airports (the "County"), is a public use, general aviation airport located in North Myrtle Beach, Horry County, South Carolina. Petitioner is a commercial skydiving operator that uses the airport and designated drop zone for its skydiving operations.

Because the County financed the development of the airport with federal assistance, it is subject to various grant assurances aimed at safe and efficient use of airport property. *See* 49 U.S.C. § 47107; *see also* Fed. Aviation Admin., *Assurances* (Mar. 2014), https://www.faa.gov/airports/aip/grant_assurances/media/airport-sponsor-assurances-aip.pdf. In 2014, Petitioner filed a complaint pursuant to 14 C.F.R. § 16.23 with the FAA, alleging the County violated Grant Assurances 19 and 22. Grant Assurance 19 requires the County to operate the airport in a "safe and serviceable condition." Fed. Aviation Admin., *supra*, at 9. Grant Assurance 22 requires the County to "make the airport available . . . without unjust discrimination." *Id.* at 10. On October 7, 2015, the FAA Director determined that there was no violation of Grant Assurance 22 but that "[u]nless immediate steps [were] taken, . . . the County [would] be

3

considered to be in violation of Grant Assurance 19." J.A. 126.[1] Petitioner appealed the FAA Director's decision concerning Grant Assurance 22 to the FAA Associate Administrator.

After the FAA Associate Administrator twice extended its own deadline for rendering a decision, on August 2, 2016, Aaron Holly, Petitioner's CEO, sent an excoriating email to the FAA Associate Administrator.[2] It reads in part:

> [It] is truly amazing that the federal government can continue to hide behind their computers, not answer emails or give situation updates. This is the third time just in this case you ha[ve] missed the deadline. If a general citizen [misses] a deadline proposed by the FAA[,] there are consequences. But unfortunately you act and work as . . . if you have no consequences.

Mot. to Dismiss at 26, *Skydive Myrtle Beach, Inc. v. FAA*, No. 16-2337 (4th Cir. Nov. 21, 2016; Filed Jan. 18, 2017), ECF No. 18 [*hereinafter* Mot. to Dismiss].

Two days later, on August 4, 2016, the FAA Associate Administrator released its decision affirming the Director's dismissal of Petitioner's Grant Assurance 22 claims. At the conclusion of its decision, the Associate Administrator advised Petitioner that it could file a petition for review in the D.C. Circuit Court of Appeals or in the circuit in which it has its principal place of business, and that the petition "must be filed not later than 60 days after a Final Agency Decision has been served." J.A. 136 (citing 14 C.F.R. § 16.247(a)).

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

[2] Petitioner was proceeding pro se at the time Mr. Holly sent this email.

4

Per the certificate of service attached to the decision, Claudia Roberts, an employee in the Office of Airport Compliance and Management Analysis, certified that she sent a hard copy of the decision to the parties on the same day it was entered, August 4, 2016, by "United States mail (first class mail, postage paid)." J.A. 137. Notably, however, the cover page of the enclosed order said, "Via Federal Express." Mot. to Dismiss at 11. The cover page was signed by Kevin Willis, Acting Director of the Office of Airport Compliance and Management Analysis. Also on August 4, 2016, Ms. Roberts emailed "a courtesy copy" of the decision to Mr. Holly. *Id.* at 4. The subject line read "FW: Skydive Myrtle Beach Final Agency Decision"; the attachment was named "Document.pdf"; and Ms. Roberts marked the email as highly important. *Id.* at 24.

On October 26, 2016, 83 days later, Mr. Holly sent an email to Mr. Willis with the subject line "Document.pdf," asking for "the receipt of signature [page] from [the decision] being delivered." Mot. to Dismiss at 28. Mr. Holly copied Ms. Roberts on the email, and Ms. Roberts responded. She stated that she did not "have a copy of the fedx" tracking information and asked if Mr. Holly wanted her to resend the order. *Id.* Mr. Holly replied in the affirmative. Ms. Roberts sent the new copy via Federal Express Priority Overnight on October 26, 2016. Petitioner received the new copy on October 27, 2016. *See* Resp. to Mot. to Dismiss at 39, *Skydive Myrtle Beach, Inc. v. FAA*, No. 16-2337 (4th Cir. Nov. 21, 2016; Filed Jan. 30, 2017), ECF No. 23 [*hereinafter* Resp. to Mot. to Dismiss]. On November 21, 2016, **109 days** after the FAA Associate Administrator entered the final agency decision, Petitioner filed its petition for review with this court. Respondents filed a motion to dismiss the petition as untimely on January 18, 2017.

5

II.

A.

Respondents argue that the appeal is untimely because Petitioner failed to appeal the FAA's final decision before October 11, 2016, 60 days from the date the order was issued and served on Appellant. Pursuant to 49 U.S.C. § 46110(a), a "person" with a "substantial interest" in an FAA "order" seeking judicial review must file a challenge within 60 days of when the order is "issued." In addition, under 14 C.F.R. § 16.247, a "party" seeking to challenge an FAA "final decision and order" must file a petition for review "not later than 60 days after the order has been served on the party or within 60 days after the entry of an order under 49 U.S.C. § 46110."

The FAA's final decision was entered on August 4, 2016, and, as explained more fully below, we determine that it was "issued" for purposes of 49 U.S.C. § 46110(a) and "served" for purposes of 14 C.F.R. § 16.247(a) the same day. Thus, we conclude that Petitioner had 60 days from August 4, 2016, to file its petition. It failed to do so, and its petition is untimely.

1.

We first address when the order was "issued" for purposes of 49 U.S.C. § 46110(a). We have not previously considered the meaning of "issued" in this context. Merriam-Webster's Collegiate Dictionary defines "issue" as "the act of publishing or officially giving out or making available." *Issue*, Merriam-Webster's Collegiate Dictionary (10th ed. 1999). Under this definition, the date of issuance is the date the order was sent to the interested person.

6

Our sister circuits to consider the question have construed "issued" the same way. Specifically, the Eleventh Circuit has interpreted "issued" to mean "when the order is sent." *Norber v. FAA*, 673 F. App'x 911, 913 (11th Cir. 2016). The First Circuit has also determined that "issued" means "sent." *See Ruskai v. Pistole*, 775 F.3d 61, 65 (1st Cir. 2014).[3] Applying this construction here, the decision was "issued" in accordance with 49 U.S.C. § 46110(a) on August 4, 2016, when Ms. Roberts sent the decision to Petitioner in both digital and hard copy form.

2.

We next turn to when and whether Petitioner was "served" for purposes of 14 C.F.R. § 16.247(a).

a.

According to FAA regulations, service may be made by (1) personal delivery, (2) "mail," (3) fax, or (4) electronic filing. 14 C.F.R. § 16.13(b); *see also id.* § 16.15(b) (describing "acceptable methods of service" as "the same as set forth in § 16.13(b) for filing documents"). In turn, "mail" is defined as, "U.S. first class mail; U.S. certified mail; and U.S. express mail. . . . *[M]ail also means electronic mail containing PDF copies of pleadings or documents required herein*." *Id.* § 16.3 (emphasis supplied). It is undisputed that Ms. Roberts sent the final decision via email to Petitioner as a pdf attachment on August 4, 2016. Thus, in accordance with 14 C.F.R. § 16.3, Petitioner was served on

---

[3] Additionally, the D.C. Circuit determined that "issued" in 49 U.S.C. § 46110(a) means "officially made public" for informal, advisory orders. *See Avia Dynamics*, *Inc. v. FAA*, 641 F.3d 515, 519 (D.C. Cir. 2011).

August 4, 2016, by "mail." *See id.* § 16.13(b) (defining the filing date of a document filed by "mail" as the "mailing date," the date the document was sent); *see also id.* § 16.15(e) (describing "[t]he date of service" as the "same as the filing date under § 16.13(b)").

Even so, it appears Petitioner was also served on August 4, 2016, by U.S. first class mail in compliance with 14 C.F.R. § 16.13(b). Critically, Ms. Roberts certified that she sent the decision on August 4, 2016, by U.S. first class mail, and there is little in the record to call the reliability of this certificate of service into question. The "Via Federal Express" statement on the cover page of the order, although conflicting, was included on the cover page signed by Mr. Willis, *not* Ms. Roberts, who mailed the decision. Further, Ms. Roberts's inability to produce a Federal Express tracking number for the original copy supports the conclusion that it was actually sent by U.S. first class mail.

b.

Petitioner argues that the service requirements of another provision, 49 U.S.C. § 46103(b), govern because they conflict with 14 C.F.R. § 16.15(b) and § 16.13(b)'s service requirements. Respondents counter that the provisions are not in conflict: 49 U.S.C. § 46103(b) does not apply here because it pertains only to enforcement actions brought for violations of Part A of Subtitle VII of Title 49. We agree with Respondents.

Subtitle VII's sole enforcement provision, 49 U.S.C. § 46101(a), provides that a "person may file a complaint . . . with the Secretary . . . about a person violating this part" -- Part A -- of Subtitle VII, relating to air commerce and safety. The subsequent sections outline the methods for conducting proceedings and investigations resulting from such a complaint. *See* 49 U.S.C. §§ 46102–46105. Accordingly, as one of these subsequent

8

sections, § 46103(b) only articulates the proper methods of service in proceedings and investigations concerning the enforcement of obligations in Part A of Subtitle VII. Petitioner brought this action pursuant to 14 C.F.R § 16.23 to enforce obligations in Part B of Subtitle VII. Thus, § 46103(b)'s methods of service are inapplicable.

Instead, Part B enforcement proceedings involving federally assisted airports are subject to the 14 C.F.R. Part 16 procedures. *See* 14 C.F.R. § 16.1 ("The provisions of this part govern all [FAA] proceedings involving Federally-assisted airports, [except in circumstances not applicable here.]"). Thus, 14 C.F.R. § 16.15(b) and § 16.13(b) control the acceptable methods of service in this case.

Therefore, the 60-day period started running on August 4, 2016, the date the decision was "issued" under 49 U.S.C. § 46110(a), and entered and "served" under 14 C.F.R. § 16.247. Petitioner failed to heed this deadline, and his petition is untimely.

B.

However, we may excuse a late petition if "reasonable grounds" for the delay exist. 49 U.S.C. § 46110(a). On this point, Petitioner asserts that "reasonable grounds" exist here because (1) the FAA extended its own deadline for issuance of its decision, so "[i]t is reasonable for Petitioner to have extra time as well"; (2) "there was genuine confusion in the record on the events surrounding the original attempt to transmit the final Order"; and (3) "there are meritorious defenses." Resp. to Mot. to Dismiss at 11–12. We do not find these equitable arguments to provide reasonable grounds for Appellant's failure to timely file the petition. *See* 49 U.S.C. § 46110(a) ("The court may allow the petition to be filed after the 60th day only if there are reasonable grounds *for not filing by the 60th day*."

9

(emphasis supplied)); *cf. Citizens Ass'n of Georgetown v. FAA*, 886 F.3d 130, 139–41 (D.C. Cir. 2018) (acknowledging that the D.C. Circuit has rarely found "reasonable grounds" and that the exception has only been found where the agency's own statements or actions misled the petitioner about the need for an immediate appeal).

Petitioner also requests that we consider its temporary pro se status at the time the decision was issued and served. However, any leniency that may be afforded to pro se litigants should be limited in light of the facts here, inasmuch as Petitioner has a special appreciation for deadlines. In Mr. Holly's August 2nd email, he stated, "[i]f a general citizen [misses] a deadline proposed by the FAA there are consequences." Mot. to Dismiss at 26. And obviously, Mr. Holly was anticipating the decision and intended to seek review. *See id.* ("I will not let up on this issue until somebody looks into it and the situation is corrected."). Moreover, Petitioner's misapprehension of the law regarding what constituted "service" while proceeding pro se is no excuse, given that he was on notice of the proper protocol. *See Corbett v. Transp. Sec. Admin.*, 767 F.3d 1171, 1179 (11th Cir. 2014) ("[Pro se Petitioner's] 'delay is even less excusable' because 'the [Administration] advised [him] of the correct remedies or procedures to follow' and his 'procedural missteps were based on a misapprehension of the law.'" (quoting *Americopters, LLC v. FAA*, 441 F.3d 726, 734 (9th Cir. 2006))).

Petitioner has failed to show "reasonable grounds," and we decline to excuse its tardiness.

10

III.

For the foregoing reasons, we conclude that Petitioner's petition for review was untimely. We, therefore, grant Respondents' motion to dismiss the petition.

*DISMISSED*