# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

Argued October 15, 2018          Decided December 7, 2018

No. 17-1213

NADIA PINKOVITSCH MATAR,
PETITIONER

v.

TRANSPORTATION SECURITY ADMINISTRATION,
RESPONDENT

---

On Petition for Review of a Final Order of
the Transportation Security Administration

---

*L. Marc Zell* argued the cause and filed the briefs for petitioner.

*Brad Hinshelwood*, Attorney, U.S. Department of Justice, argued the cause for respondent. With him on the brief was *Sharon Swingle*, Attorney. *Nitin Shah*, Trial Attorney, U.S. Department of Justice, entered an appearance.

Before: HENDERSON and SRINIVASAN, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* EDWARDS.

EDWARDS, *Senior Circuit Judge*: In 2013, before boarding a flight from Canada to the United States, Nadia Pinkovitsch Matar ("Petitioner") was informed by a Canadian border official that she was on a United States watch list and was advised not to board her flight. Four years later, Petitioner, who is a dual citizen of Israel and Belgium, submitted a petition to the Transportation Security Administration ("TSA"). She sought removal from the watch list or an explanation for her presence on it. Several months later, TSA mailed a final disposition to Petitioner at her home in Israel. *See* TSA Order of July 28, 2017 ("Order"), *reprinted in* Joint Appendix ("J.A.") 40–41. The Order stated that TSA would "neither confirm nor deny any information about [Petitioner] which may be within federal watchlists or reveal any law enforcement sensitive information." *Id.* at 40. Petitioner then petitioned this court, pursuant to 49 U.S.C. § 46110, for review of the Order.

Petitioner contends that TSA's disposition of her inquiry violated the Due Process Clause of the Fifth Amendment and the Administrative Procedure Act ("APA") because the agency failed to explain whether or why she was still on a watch list. Petitioner's petition for review comes too late. Section 46110(a) provides that a petition for review of a disputed order must be filed not later than 60 days after the order is issued unless there are reasonable grounds for not filing by the 60th day. Petitioner's petition was filed after the statutory deadline and there are no "reasonable grounds" justifying her untimely filing. We therefore deny the petition for review.

## I. BACKGROUND

TSA is tasked with ensuring safety in commercial airline travel. *See* 49 U.S.C. § 114(d). In furtherance of that directive, TSA maintains two watch lists as part of the Secure Flight Program: a "No Fly" list and a "Selectee" list. *See id.*

§ 44903(j)(2)(A), (C)(i)–(ii). Individuals on the No Fly list are prohibited from boarding airplanes that are traveling to the United States, while individuals on the Selectee list are subject to more rigorous screening. "If an individual believes he or she has been improperly or unfairly delayed or prohibited from boarding an aircraft . . . as a result of [TSA's] Secure Flight program," 49 C.F.R. § 1560.205(a), the individual may submit a petition to the Traveler Redress Inquiry Program ("TRIP"), *id*. § 1560.205(b). TRIP petitioners must submit personal information and copies of identification documents, and TSA may seek additional information from the traveler as it deems necessary. *See id.* § 1560.205(c). Once it has gathered all the information it deems necessary, "TSA, in coordination with the [Terrorist Screening Center] and other appropriate Federal law enforcement or intelligence agencies, if necessary, will review all the documentation and information requested from the individual, correct any erroneous information, and provide the individual with a timely written response." *Id.* § 1560.205(d).

An individual's placement on the No Fly or Selectee list, as well as any explanation for the placement, is "Sensitive Security Information" that is restricted from public access. *See id.* § 1520.5(b)(9)(ii). Therefore, TSA does not inform a TRIP petitioner who is not a U.S. citizen or resident whether he or she is on a watch list or provide any explanation regarding the petitioner's watch list status.

Petitioner is a dual Israeli-Belgian national who lives in Israel. *See* Petitioner's Br. at ii. She asserts that in 2013, before boarding a flight from Canada to the United States, a Canadian border official informed her "that her name appeared on a United States travel 'watchlist' and advised her not to enter the United States." *Id.* at 11. Petitioner then cancelled her reservation. She has not since attempted to travel to the United States. *Id.*

In April 2017, Petitioner filed a redress request with TRIP "to determine whether her name was on the TSA's No-Fly or Selectee lists." *Id.* By letter dated July 28, 2017, TSA informed Petitioner:

> [Department of Homeland Security] has researched and completed our review of your case. DHS TRIP can neither confirm nor deny any information about you which may be within federal watchlists or reveal any law enforcement sensitive information. However, we have made any corrections to records that our inquiries determined were necessary, including, as appropriate, notations that may assist in avoiding incidents of misidentification.

Order, J.A. 40. The Order further stated that it constituted the "final agency decision" on Petitioner's redress request, and informed Petitioner of her right to seek review of the Order within sixty days under § 46110. *Id.* at 41. The letter embodying the Order was dated July 28, 2017. Petitioner acknowledges that she received the Order at her address in Israel on August 13, 2017. *See* Petitioner's Br. at 13. She filed this petition challenging the disposition of her redress request on September 28, 2017, sixty-two days after the letter's date of July 28, 2017.

Petitioner has received two other notifications from U.S. Government officials. First, around the same time when Petitioner received TSA's Order responding to her redress request, she received a notification from U.S. Customs and Border Protection regarding the denial of her Electronic System for Travel Authorization ("ESTA") application. *See* J.A. 44–45. ESTA determines whether a person qualifies to travel to the United States pursuant to the Visa Waiver Program

("VWP"). *Id*. at 44. The VWP "is administered by DHS and enables eligible citizens of certain countries to travel to the United States for tourism or business for stays of 90 days or less without obtaining a visa." *Id*. However, Petitioner was advised that "individuals who are found ineligible to travel to the United States or those whose travel would pose a law enforcement or security risk are refused a travel authorization." *Id*. The letter also said that if Petitioner wished to dispute the ESTA denial, she could "make an appointment at the U.S. Embassy and apply for a visa." *Id*.

Second, in July 2018, Petitioner was denied a non-immigrant visa on the ground that she had failed to demonstrate that she had sufficient "ties [to] compel [her] to return to [her] home country after [her] travel to the United States." Letter of Respondent, Exh. A, *Matar v. TSA*, No. 17-1213 (D.C. Cir. Sept. 12, 2018). This determination cannot be appealed. However, the letter that Petitioner received indicates that she "may reapply at any time." *Id*.

## II. STANDING

TSA asserts that Petitioner lacks standing to bring her claims. Normally, because standing involves the court's Article III jurisdiction, it must be addressed first before we address a nonjurisdictional issue. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). However, as this court recently explained in *Kaplan v. Central Bank of the Islamic Republic of Iran*, "*Steel Co.*'s rule of priority does not invariably require considering a jurisdictional question before *any* nonjurisdictional issue." 896 F.3d 501, 513 (D.C. Cir. 2018). Instead, "courts may address certain nonjurisdictional, threshold issues" so long as those issues "can occasion a '[d]ismissal short of reaching the merits.'" *Id*. (quoting

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (alteration in original)).

Timeliness under 49 U.S.C. § 46110 is a non-jurisdictional, threshold requirement. *Avia Dynamics, Inc. v. FAA*, 641 F.3d 515, 518–19 (D.C. Cir. 2011). It is a threshold issue because the dismissal of a petition as untimely under § 46110 does not involve any consideration of the merits of the Petitioner's claims. *Elec. Privacy Info. Ctr. v. FAA*, 821 F.3d 39, 41 n.2 (D.C. Cir. 2016) (declining to engage in an "arduous" standing inquiry where petitioner's claim was untimely under § 46110(a)). We will therefore proceed directly to the question regarding the timeliness of the petition for review.

### III. TIMELINESS

### A. The Petition for Review Is Untimely Under 49 U.S.C. § 46110

It is undisputed that § 46110 controls the disposition of this case. That provision states, in relevant part, that:

> [A] person disclosing a substantial interest in an order issued by the Secretary of Transportation . . . may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit . . . . The petition must be filed not later than *60 days after the order is issued*. The court may allow the petition to be filed after the 60th day only if there are reasonable grounds for not filing by the 60th day.

49 U.S.C. § 46110(a) (emphasis added). As is clear from the terms of the statute, the time limit under § 46110 starts to run

on the date when an order is "issued." This court has never previously decided how to determine when an order is issued under § 46110 in a situation in which a petitioner receives notice only via private mail.

The First, Fourth, and Eleventh Circuits have concluded that "issued" means "sent." *See Ruskai v. Pistole*, 775 F.3d 61, 65 (1st Cir. 2014) (looking to postmark date to calculate timeliness); *Skydive Myrtle Beach Inc. v. Horry Cty. Dep't of Airports*, 735 F. App'x 810, 813–14 (4th Cir. 2018) (holding that issuance date is date the order is sent); *Norber v. FAA*, 673 F. App'x 911, 913–14 (11th Cir. 2016) ("'[I]ssued' means 'sent,' not 'actually received,' for the purposes of [section 46110]."). We now join our sister circuits in this view: when a petitioner receives notice of an order only by private mail, the order is "issued" under 49 U.S.C. § 46110 on the date when the order is sent.

The conclusion that we reach today is consistent with the plain meaning of the word "issued." *See Avia Dynamics*, 641 F.3d at 519 ("[W]here filing deadlines are concerned, a literal reading of Congress' words is generally the only proper reading of those words." (quoting *Spannaus v. FEC*, 990 F.2d 643, 644 (D.C. Cir. 1993) (internal quotation marks omitted))). Black's Law Dictionary, for example, defines "issue" in relevant part as "[t]o send out or distribute officially." *Issue (vb.)*, BLACK'S LAW DICTIONARY (10th ed. 2014). And, as we have explained in *Avia Dynamics*, the date when a petitioner receives actual notice is irrelevant for the purposes of the sixty-day time period under 49 U.S.C. § 46110(a). *Avia Dynamics*, 641 F.3d at 519–20.

There is no direct evidence in this case as to when the Order was postmarked. However, as noted above, the letter embodying the Order was dated July 28, 2017. *See* Order, J.A.

40. Petitioner speculates that the Order may have been sent on a later date. *See* Petitioner's Br. at 25. But Petitioner offers no evidence – such as the postmark on the envelope in which she received the Order – to support her speculation. And we have no good reason to assume that the Order was mailed on a date other than the date on the letter, *i.e.*, July 28, 2017. Therefore, Petitioner's petition was untimely filed.

## B. Petitioner Had No "Reasonable Grounds" for Her Untimely Petition for Review

The petition for review was clearly untimely under § 46110(a) unless there were "reasonable grounds" justifying Petitioner's failure to file by the 60th day. On this record, we hold that Petitioner has offered no reasonable grounds for her untimely filing.

We have consistently construed the reasonable grounds exception narrowly. *See Citizens Ass'n of Georgetown v. FAA*, 896 F.3d 425, 435 (D.C. Cir. 2018). Generally, the exception has been applied when a petitioner is able to demonstrate that the agency led it to believe that resort to litigation would not be necessary to address its concern. *See id.*; *City of Phoenix v. Huerta*, 869 F.3d 963, 970 (D.C. Cir. 2017) (applying reasonable grounds exception where FAA "repeatedly communicated" that it was "looking into" the issue in question and "wanted to work with the City and others to find a solution"); *see also Avia Dynamics*, 641 F.3d at 521 ("[W]e have heretofore found 'reasonable grounds' only in cases in which the petitioner attributes the delay to more than simply ignorance of the order.").

Petitioner argues that, after she received the Order from TSA, she attempted to "exhaust her administrative remedies" by emailing and faxing messages to the agency. *See*

Petitioner's Br. at 27–28. However, Petitioner points to no "administrative remedies" that she was required to exhaust that caused her tardy petition for review. Petitioner also acknowledges that TSA did not respond to her fax and email communications or otherwise give her any false impressions that agency officials might address her concerns without resort to litigation. *Id.* at 27. TSA's Order plainly stated that it was final and appealable. *See* Order, J.A. 41. That Petitioner attempted to contact TSA via email and fax of her own volition instead of filing a petition for review does not constitute reasonable grounds for delay.

Petitioner also argues that it was reasonable for her to believe that TSA would address her concerns without being ordered to do so by a court because TSA allegedly violated its own internal policies. *See* Petitioner's Br. at 28–29. This is a perplexing argument. If, as Petitioner claims, TSA somehow violated its internal policies, that should have prompted her to file a timely petition for review under § 46110, not to delay. For this court to credit Petitioner's argument would require us to endorse an approach that would lead to the reasonable grounds exception swallowing the sixty-day filing period rule.

We recognize that mail-related delays might, on some occasions, constitute "reasonable grounds" for an untimely filing under § 46110. This case, however, is not one of those occasions. Petitioner – who was represented by counsel – had approximately six weeks from the time she received the Order from TSA to file a petition with this court. Yet, she failed to do so. *See Avia Dynamics*, 641 F.3d at 521 ("Even if ignorance [of an order] could establish 'reasonable grounds,' it would not excuse Avia's continued inaction during the forty-nine days from . . . the date of Avia's actual notice[] until the filing period closed . . . ."). In addition, the Order expressly stated that it constituted a final decision and that Petitioner had sixty days to

seek review of the Order pursuant to § 46110. *See* Order, J.A. 41. Under these circumstances, Petitioner had no good excuse, much less reasonable grounds, for her failure to file a petition for review not later than 60 days after TSA issued the disputed Order.

## IV. CONCLUSION

For the reasons given above, the petition for review is hereby denied.

*So ordered.*